MARTHA E. VAN WYCK AND OTHERS, TRUSTEES UNDER WILL OF HENRY L. VAN WYCK, DECEASED, APPELLANTS, *v.* PHILIP WALTERS AND ELIZA JANE WALTERS, HIS WIFE, IMPLEADED WITH CHARLES M. PINE AND OTHERS, RESPONDENTS.

*Usury—when a bonus reserved by one trustee does not avoid a mortgage held by the estate.*

Where, in an action to foreclose a mortgage owned by a trust estate, it appears that one of the trustees received an usurious *bonus*, the mortgage is not avoided thereby, unless it be shown that the same was received by the authority or with the knowledge of the other trustees.

*Stout* v. *Rider* (12 Hun, 574), followed.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury, and from an order denying a motion for a new trial, made upon the ground of surprise and newly discovered evidence.

The action was brought to foreclose a mortgage. The defense was usury. The defense was founded upon the fact that at the time of the loan an usurious bonus thereon was received by one of the trustees.

*E. Ellery Anderson*, for the appellants.

*A. R. Dyett*, for the respondents.

PRATT, J.:

*Stout* v. *Rider* (12 Hun, 574), and cases there cited, seem to be authority that the trust fund will not be damnified by the unauthorized act of one of three trustees, in taking more than seven per cent per annum for the forbearance of money.

The respondent argues that we should not apply that doctrine to the case at bar, for the reason, as he claims, that affirmative proof was not given that the two other trustees were ignorant of the usury charged upon Blunt. But the testimony of Blunt, to the effect that he did accept usury, certainly tends to show that

the other trustees did not know of his accepting it, and there is no testimony to show that they did not know of his taking it.

If a presumption of law exists that the act of one trustee is the act of all, it certainly cannot extend to the case of an act that is expressly forbidden by law. It will not be contended that the other trustees could be convicted criminally of taking usury, upon proof that their co-trustee had taken it. Why should a different rule be applied in civil cases?

It follows from these views that the fourth finding of fact, to wit, that the moneys were retained by Odell as agent for "the plaintiff," is not sustained by the evidence, and the judgment should be reversed upon the facts, and a new trial ordered, with costs to abide the event.

Present—Barnard, P. J., and Pratt, J.

Judgment reversed and new trial granted, costs to abide event.